Electronically Filed
8/3/2017 1:14 PM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

CAUSE NO. C-3557-17-H
_____

| | | |
|---|---|---|
| **NELLY MEDINA** | § | **IN THE DISTRICT COURT** |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| **VS.** | § | **___ TH JUDICIAL DISTRICT** |
| | § | |
| **GREAT LAKES REINSURANCE (UK) SE,** | § | |
| **LES PICKETT and RAY HERNANDEZ** | § | |
| | § | |
| *Defendants.* | § | **HIDALGO COUNTY, TEXAS** |

---

### PLAINTIFF'S ORIGINAL PETITION

**TO THE HONORABLE JUDGE OF SAID COURT:**

COMES NOW PLAINTIFF NELLY MEDINA ("PLAINTIFF"), and files her Original Petition, complaining of GREAT LAKES INSURANCE COMPANY OF INDIANA ("GREAT LAKES") and RAY HERNANDEZ ("HERNANDEZ") (collectively referred to as "Defendants"), and allege and state as follows:

#### A. DISCOVERY CONTROL PLAN

1.     Plaintiff intends for discovery in this action be conducted under Level 1, in accordance with Tex. R. Civ. P. 190.2.

#### B. PARTIES

2.     Plaintiff, NELLY MEDINA ("PLAINTIFF"), is an individual who owns residential property in Hidalgo County, Texas at 1105 West Primose Avenue, McAllen, Texas 78504.

3.     Defendant, GREAT LAKES REINSURANCE (UK) SE ("GREAT LAKES"), is an alien insurance carrier, organized and existing under the laws of the United Kingdom and eligible to conduct insurance business in Texas, whose home office is located at C/O Drinker Biddle, 1177 Avenue Of The Americas, Floor 41, New York, NY 10036, and may be served

---

**EXHIBIT C-2**

Electronically Filed
8/3/2017 1:14 PM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

**C-3557-17-H**

with process by serving the Texas Commissioner of Insurance at 333 Guadalupe Street, Austin, Texas 78701, as its agent for service.

      4.    Defendant, RAY HERNANDEZ ("HERNANDEZ"), is an individual residing in and domiciled in Texas who is engaged in the business of adjusting insurance claims in the State of Texas.  This Defendant may be served with process by a process server at his place of residence or place of business, or wherever he may be found.

      5.    Defendant, LES PICKETT ("PICKETT"), is an individual residing in and domiciled in Texas who was hired by GREAT LAKES REINSURANCE (UK) SE to assist in the claim determination process.  This Defendant may be served with process by a process server at his place of residence or place of business, or wherever he may be found

## C. JURISDICTION

      6.    This Court has subject-matter jurisdiction over the lawsuit because the amount in controversy exceeds this Court's minimum jurisdictional requirements, however, will not exceed $75,000, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorney's fees.  Plaintiff affirmatively limits her potential recovery accordingly.  See Binding Stipulation attached hereto as Exhibit "A."

      7.    This Court has jurisdiction over Defendant GREAT LAKES because this Defendant purposefully availed itself of the privilege of conducting business in the State of Texas and established minimum contacts sufficient to confer jurisdiction over this Defendant, and the assumption of jurisdiction over GREAT LAKES will not offend traditional notions of fair play and substantial justice and is consistent with constitutional requirements of due process.

Electronically Filed
8/3/2017 1:14 PM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

**C-3557-17-H**

8.      Plaintiffs would show that Defendant GREAT LAKES had continuous and systematic contacts with the State of Texas sufficient to establish general jurisdiction over said Defendant.

9.      Plaintiffs would also show that the cause of action arose from or relates to the contacts of Defendant GREAT LAKES to the State of Texas, thereby conferring specific jurisdiction with respect to this Defendant.

10.     Furthermore, Plaintiffs would show that Defendant GREAT LAKES engaged in activities constituting business in the State of Texas as provided by Section 17.042 of the Texas Civil Practices and Remedies Code, in that said Defendant contracted with a Texas resident and performance of the agreement in whole or in part thereof was to occur in Texas, committed a tort in whole or in part in Texas, and recruits or has recruited Texas residents for employment inside or outside the state

11.     This Court has jurisdiction over Defendant HERNANDEZ because this Defendant engages in the business of adjusting insurance claims in the State of Texas, and Plaintiff's causes of action arises out of this Defendant's business activities in the State of Texas.

## D. VENUE

12.     Venue is proper in Hidalgo County, Texas, because the insured property is situated in Hidalgo County, Texas. Tex. Civ. Prac. & Rem. Code §15.032.

## E. CONDITIONS PRECEDENT

13.     All conditions precedent to recovery have been performed, waived, or have occurred.

## F. AGENCY AND *RESPONDENT SUPERIOR*

14.     Whenever in this petition it is alleged that GREAT LAKES did any act or

Electronically Filed
8/3/2017 1:14 PM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

**C-3557-17-H**

omission, it is meant that GREAT LAKES itself or its agents, officers, servants, employees, or representatives did such act or omission, and it was done with the full authorization or ratification of GREAT LAKES or done in the normal routine, course and scope of the agency or employment of GREAT LAKES or its agents, officers, servants, employees, or representatives.

### G. FACTS

15.     Plaintiff is the owner of Texas Insurance Policy No. GK1439067552 (hereinafter referred to as "the Policy"), which was issued by Defendant GREAT LAKES.

16.     Plaintiff owns the insured residential property specifically located at 1105 West Primose Avenue, McAllen, Hidalgo County, Texas 78504 (hereinafter referred to as "the Property").

17.     Defendant GREAT LAKES sold the Policy insuring the Property to Plaintiff.

18.     On or about March 26, 2015, a severe hailstorm and/or windstorm struck Hidalgo County, Texas, causing severe damage to homes and businesses throughout the area, including Plaintiff's Property ("the Storm").   Specifically, Plaintiff's roof sustained extensive damage during the Storm.   Water intrusion through the roof caused extensive damage throughout the interior of the Property including, but not limited to, the interior ceilings, walls, and flooring of the Property. Plaintiff's Property also sustained substantial exterior damage during the Storm.

19.     After the Storm, Plaintiff filed a claim (Claim No. MDC39834) with her insurance company, Defendant GREAT LAKES, for the damages to the Property caused by the Storm.

20.     Plaintiff submitted a claim to Defendant GREAT LAKES against the Policy for Roof Damage, Structural Damage, Water Damage, and Windstorm and Hail Damage the Property sustained as a result of the Storm.

Electronically Filed
8/3/2017 1:14 PM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

**C-3557-17-H**

21.    Plaintiff requested that Defendant GREAT LAKES cover the cost of repairs to the Property pursuant to the Policy, including but not limited to: repair and/or replacement of the roof and repair of the interior and exterior damages to the Property.

22.    Defendant HERNANDEZ was the adjuster assigned by GREAT LAKES to adjust the claim. HERNANDEZ was improperly trained and failed to perform a thorough investigation of Plaintiff's Hail and Wind Damage Property claim and intentionally, knowingly and deceptively, with malice, set out to deny all or a portion of the Plaintiff's Hail and Wind Damage Property claim by engaging in false, misleading, deceptive and fraudulent acts and practices of omission and commission which ultimately resulted in Plaintiff being denied the benefit of the bargain and loss payments due under the terms and conditions of the Policy of Insurance issued by GREAT LAKES.

23.    HERNANDEZ'S adjustment of the claim fraudulently, wrongfully, deceptively and negligently denied portions the claim and undervalued the cost of repair and/or replacement of covered items of damage to the insured Property in the claim report, which resulted in Plaintiff receiving insufficient funds from GREAT LAKES to cover the losses sustained by Plaintiff to repair and/or replace the insured Property damaged by the Storm, excluding the amounts of the deductible and non-recoverable depreciation assessed pursuant to the terms and conditions of the Policy for which Plaintiff were responsible.

24.    As a result thereof, on or about October 28, 2015, Plaintiff received a letter from GREAT LAKES in which it advised that based on HERNANDEZ'S report the damage could not be covered and GREAT LAKES would not be able to compensate Plaintiff for any damages or repairs incurred.

25.    GREAT LAKES and its adjuster, HERNANDEZ, wrongfully denied Plaintiff's

Electronically Filed
8/3/2017 1:14 PM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

**C-3557-17-H**

claim for repairs of the insured Property, even though the Policy provided coverage for losses such as those suffered by Plaintiff.

26.     Based upon information and belief, Defendant HERNANDEZ was compensated on a per claim adjusted basis and/or other combination of compensation tied to the quantity of claims adjusted.  HERNANDEZ was therefore motivated to conduct an inadequate and substandard claim investigation of Plaintiff's Hail and Wind damage loss to Plaintiff's Property resulting from the Storm in order to increase the number of claims adjusted by him for his personal pecuniary benefit, as indicated below in sub-paragraphs (a) thru (g).  Defendant HERNANDEZ was negligent in violating GREAT LAKES' written policies as they relate to claims handling practices by failing to fully investigate and document all damage to Plaintiff's insured Property and by failing to fully investigate and evaluate the Plaintiff's insured loss based upon local replacement and/or repair costs for each item of damage, as indicated below in sub-paragraphs (a) thru (g).  Additionally, based upon information and belief and the acts and practices actually employed by Defendant HERNANDEZ, HERNANDEZ held a personal bias in favor of insurance companies and prejudice against insurance claimants generally, and more specifically towards Plaintiff herein as specifically demonstrated below in sub-paragraphs (a) thru (b).  Defendant HERNANDEZ, intentionally, knowingly and fraudulently, with malice, engaged in the following specified acts and practices, among others stated herein, in violation of and in breach of the adjuster's moral, ethical and legal duties to Plaintiff as a licensed claims adjuster, which was a producing and proximate cause of the damages and losses sustained herein by Plaintiff resulting in the denial and/or underpayment of Plaintiff claim; to wit:

        a)     HERNANDEZ'S investigation and inspection for damages to the Plaintiff's Property was performed in less than twenty (20) minutes, an

Electronically Filed
8/3/2017 1:14 PM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

**C-3557-17-H**

insufficient time period to perform an adequate assessment of the damage to the Property resulting from the Storm;

b)   HERNANDEZ failed to and/or refused to properly interview the Plaintiff to ascertain other damages that were not readily apparent or would not be readily apparent to an individual unfamiliar with the Property in its pre-Storm condition;

c)   HERNANDEZ refused to and did not inspect for hidden or latent damage resulting to Plaintiff's Property that is customarily found to exist on property that has gone through a hail and wind storm of the severity of that which occurred in Hidalgo County on March 26, 2015;

d)   HERNANDEZ failed and refused to include the usual and customary charges for costs of materials, supplies, labor and contractor's overhead and profit charged by contractors in the Hidalgo County area for the repair, replacement and restoration of the Plaintiff's Property damaged by the Storm;

e)   HERNANDEZ performed only a cursory inspection of the roof and exterior, and interior of the insured Property; and failed to assess, estimate and include all covered damage to the Property in the report and adjustment of loss to GREAT LAKES for exterior and interior water damages and/or note other damages existing to the Property at the time of inspection such as ceilings and walls that were sustained as a result of the Storm;

Electronically Filed
8/3/2017 1:14 PM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

**C-3557-17-H**

f)  HERNANDEZ, during his investigation of the Plaintiff's claim, failed to include all damages sustained to the Property by the Storm, thus submitting an inaccurate and false report of Plaintiff's covered Storm Property losses to GREAT LAKES;

g)  HERNANDEZ fraudulently represented to Plaintiff verbally and by conduct, in preparing an inadequate, incomplete and undervalued estimate of the cost of replacement and/or repair of Storm damage to Plaintiff's Property, that the majority of the damages to the Property were not severe or Storm related; and that most, if not all, of the covered damages found to exist upon observation of Plaintiff's Property, were not covered by the Policy, but were due to normal wear and tear or the result of other causes, when in fact such damage was Storm related and should have been included in HERNANDEZ'S report to GREAT LAKES.

27.     Defendant GREAT LAKES failed to thoroughly review the fraudulent and inaccurate assessment of the claim by HERNANDEZ, and ultimately approved HERNANDEZ'S inaccurate report of the damages to the Property.

28.     The mishandling of Plaintiff's claim has also caused a delay in the ability to fully repair the Property, which has resulted in additional damages. To date, Plaintiff has yet to receive the full payment to which he is entitled under the Policy and has not been able to fully repair or replace the damage to the insured Property.

29.     Defendant HERNANDEZ is individually legally liable to Plaintiff for the losses and damages sustained as a direct, producing and proximate cause of the acts of omission and

Electronically Filed
8/3/2017 1:14 PM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

**C-3557-17-H**

commission detailed herein and above, for which Plaintiff here now sues for the recovery of monetary damages within the jurisdictional limits of this court against said Defendant.

30.     In the alternative, without waiving the foregoing, and based upon information and belief, GREAT LAKES, in hiring adjusters and claims representatives, was responsible to and had a legal duty to ensure that they hired and retained competent, qualified and ethical licensed adjusters and claims representatives who would deal fairly, honestly and in good faith with the policy holders of GREAT LAKES in the practice of insurance claims handling.   GREAT LAKES breached such duties in connection with Plaintiff's Property Damage claim resulting from the Storm by failing to properly train, direct and oversee the claims handling practices employed by HERNANDEZ.

31.     At all times material herein, GREAT LAKES had a non-delegable contractual legal duty to timely, fairly and in good faith fully investigate, process, adjust, timely pay and re-adjust claims for all covered losses sustained by its policy holders as a result of the Storm, including Plaintiff.   GREAT LAKES represented that it would do so in advertising mediums throughout the State of Texas and specifically in writing to its policy holders as an inducement for them to purchase and continue to renew homeowners and business property insurance with GREAT LAKES.   Due to a lack of knowledge and understanding of the insurance claims handling process, knowledge of construction costs and insurance policy coverage issues relating to storm related property losses, Plaintiff relied on such representations to her detriment, purchased the Policy from GREAT LAKES and accepted the estimate of damages from HERNANDEZ which, unknown to Plaintiff, included denial and underpayment of covered losses and damages sustained in the Storm.   GREAT LAKES made such representations knowing they were false and with the intent that Plaintiff rely on such representations.   GREAT

Electronically Filed
8/3/2017 1:14 PM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

**C-3557-17-H**

LAKES, having breached its legal duty to timely, fairly and in good faith investigate, process, adjust and pay for all covered losses sustained by Plaintiff herein, is responsible for the acts of omission and commission set forth herein and above in connection with HERNANDEZ'S investigation and claims handling practices employed to deny and/or underpay the covered losses and damages sustained by Plaintiff as a result of the Storm.

32.     GREAT LAKES distributed training, educational, and instructional materials to the field claim representatives and adjusters such as HERNANDEZ; held meetings and issued directives to the field instructing how GREAT LAKES wanted the hail losses like Plaintiff's to be handled.  GREAT LAKES communicated and disseminated claims handling practices and methodologies to its field adjusters such as HERNANDEZ of 1) "Quantity over Quality", 2) Minimization of damage estimates, 3) Under-valuation of reported replacement and/or repair estimates, and 4) Omission of probable covered damages in the report to the Property from the Storm.  These policies served to fuel and motivate HERNANDEZ'S individual pre-disposition of bias in favor of insurance companies and prejudice towards claimants and the resulting losses sustained by Plaintiff as set forth herein.

33.     Additionally, GREAT LAKES and HERNANDEZ, collectively and individually, conspired to and did breach their duty of good faith, fair dealing and timely payment of all covered losses owed to Plaintiff resulting from the Storm as set forth below.

34.     Defendant HERNANDEZ conducted a substandard and incomplete inspection of Plaintiff's Property.  Plaintiff's damages were noted in an inaccurate report and/or estimate of Plaintiff's Storm damages which failed to include many of the damages noted upon inspection and grossly underestimated and undervalued those damages that were included.

35.     Defendant GREAT LAKES failed to thoroughly review the assessment of the

Electronically Filed
8/3/2017 1:14 PM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

C-3557-17-H

claim by Defendant HERNANDEZ and ultimately approved HERNANDEZ'S inaccurate report of the damages. As a result, Plaintiff was denied payment on her claim and has suffered damages.

36. Together, Defendants set out to deny and/or underpay properly covered damages. As a result of Defendants unreasonable investigation, including their under-scoping and incomplete inspection of Plaintiff's Storm damages during their investigation(s) and failure to provide full coverage for the damages sustained by Plaintiff, Plaintiff's claim was improperly adjusted, and Plaintiff was denied adequate and sufficient payment to repair the Property and has suffered damages.

37. HERNANDEZ intentionally, knowingly and as directed by GREAT LAKES, conducted a substandard investigation of Plaintiff's claim with the intent to underpay or deny all or a portion of the claim for the benefit of GREAT LAKES, which resulted in losses and damages to Plaintiff's Property. This practice of wrongfully denying and/or underpaying claims of GREAT LAKES policy holders for covered losses sustained by them in the Storm by refusing to fully inspect the Property for damage, misrepresenting coverage, the scope of coverage and loss, under-estimating repair costs, denying claims for covered losses underpaying covered losses of its insured policy holders, was specifically employed by HERNANDEZ in connection with the handling of the claim for damages and losses sustained by Plaintiff as a result of the Storm.

38. Defendant HERNANDEZ, engaged in a claims processing handling practice designed by GREAT LAKES to reduce the overall loss payments GREAT LAKES was obligated contractually to pay policyholders as a whole in the Hidalgo County area for the covered losses resulting from the Storm. GREAT LAKES directed its adjusters and claim

Electronically Filed
8/3/2017 1:14 PM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

**C-3557-17-H**

representatives to misrepresent coverage, the scope of coverage and loss, under-estimate repair costs, deny claims for covered losses, underpay covered losses of its insured policy holders, refuse to inspect portions of the properties damaged, and claim that damage to the property found to exist was due to normal wear and tear or was the result of other causes that pre-existed the Storm as a basis for not including those damages in the report. Plaintiff's claim, as demonstrated herein, is typical of the deceptive acts and practices and unfair claims settlement practices intentionally and knowingly employed by Defendants GREAT LAKES and HERNANDEZ in connection with the handling of Plaintiff's claim.

39.     As detailed in the paragraphs below, Defendant GREAT LAKES wrongfully denied Plaintiff's claim for repairs of the Property, even though the Policy provided coverage for losses such as those suffered by Plaintiff. Furthermore, Defendant GREAT LAKES underpaid some of the Plaintiff's claims by not providing full coverage for the damages sustained by Plaintiff, as well as under-scoping the damages during its investigation.

40.     To date, Defendant GREAT LAKES continues to delay in the payment for the damages to the Property. As such, Plaintiff has not been paid in full for the damages to her Property.

41.     Defendant GREAT LAKES failed to perform its contractual duties to adequately compensate Plaintiff under the terms of the Policy. Specifically, it refused to pay the full proceeds of the Policy, although due demand was made for proceeds to be paid in an amount sufficient to cover the damaged Property, and all conditions precedent to recovery upon the Policy had been carried out and accomplished by Plaintiff. Defendant GREAT LAKES' conduct constitutes a breach of the insurance contract between GREAT LAKES and Plaintiff.

42.     Defendants misrepresented to Plaintiff that the damage to the Property was not

Electronically Filed
8/3/2017 1:14 PM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

**C-3557-17-H**

covered under the Policy, even though the damage was caused by a covered occurrence. Defendants' conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §§541.060(a)(1).

43.     Defendants failed to make an attempt to settle Plaintiff's claim in a fair manner, although they were aware of their liability to Plaintiff under the Policy.  Defendants' conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices.  TEX. INS. CODE §541.060(a)(2)(A).

44.     Defendants failed to explain to Plaintiff the reasons for their offer of an inadequate settlement.  Specifically, Defendants failed to offer Plaintiff adequate compensation, without any explanation why full payment was not being made.  Furthermore, Defendants did not communicate that any future settlements of payments would be forthcoming to pay for the entire losses covered under the Policy, nor did they provide any explanation for the failure to adequately settle Plaintiff's claim.  Defendants' conduct is a violation of the Texas Insurance Code, Unfair Settlement Practices, TEX. INS. CODE §541.060(a)(3).

45.     Defendants failed to affirm or deny coverage of Plaintiff's claim within a reasonable time.  Specifically, Plaintiff did not receive timely indication of acceptance or rejection, regarding the full and entire claim, in writing from Defendants.  Defendants' conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices.  TEX. INS. CODE §541.060(a)(4).

46.     Defendants refused to fully compensate Plaintiff, under the terms of the Policy, even though Defendants failed to conduct a reasonable investigation.  Specifically, Defendants performed an incomplete and outcome-oriented investigation of Plaintiff's claim, which resulted in a biased, unfair, and inequitable evaluation of Plaintiff's losses on the Property.  Defendants'

Electronically Filed
8/3/2017 1:14 PM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

**C-3557-17-H**

conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(7).

47.     Defendant GREAT LAKES failed to meet its obligations under the Texas Insurance Code regarding timely acknowledging Plaintiff's claim, beginning an investigation of Plaintiff's claim, and requesting all information reasonably necessary to investigate Plaintiff's claim, within the statutorily mandated time of receiving notice of Plaintiff's claim. GREAT LAKES' conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE §542.055.

48.     Defendant GREAT LAKES failed to accept or deny Plaintiff's full and entire claim within the statutorily mandated time of receiving all necessary information. GREAT LAKES' conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE §542.056.

49.     Defendant GREAT LAKES failed to meet its obligations under the Texas Insurance Code regarding payment of claim without delay. Specifically, it has delayed full payment of Plaintiff's claim longer than allowed and, to date, Plaintiff have not received full payment for the claim. GREAT LAKES' conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE §542.058.

50.     From and after the time Plaintiff's claim was presented to Defendant GREAT LAKES, the liability of GREAT LAKES to pay the full claim in accordance with the terms of the Policy was reasonably clear. However, GREAT LAKES has refused to pay Plaintiff in full, despite there being no basis whatsoever on which a reasonable insurance company would have relied to deny the full payment. GREAT LAKES' conduct constitutes a breach of the common law duty of good faith and fair dealing.

Electronically Filed
8/3/2017 1:14 PM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

**C-3557-17-H**

51.   Defendants knowingly or recklessly made false representations, as described above, as to material facts and/or knowingly concealed all or part of material information from Plaintiff.

52.   As a result of Defendants wrongful acts and omissions, Plaintiff was forced to retain the professional services of the attorney and law firm who is representing her with respect to these causes of action.

## H.  CAUSES OF ACTION:

### *CAUSES OF ACTION AGAINST DEFENDANT RAY HERNANDEZ*

### NONCOMPLIANCE WITH TEXAS INSURANCE CODE: UNFAIR SETTLEMENT PRACTICES

53.   Plaintiff repleads all of the material allegations above set forth in Paragraphs 1-52 and incorporates the same herein by this reference as if here set forth in full.

54.   Defendant GREAT LAKES assigned Defendant HERNANDEZ to adjust the claim.  Defendant HERNANDEZ was inadequately and improperly trained to handle claims of this nature and performed an unreasonable investigation of Plaintiff's damages.  During the investigation, HERNANDEZ failed to properly assess Plaintiff's Storm damages and omitted properly covered damages from his reports and/or estimates of the damages, including all of Plaintiff's interior and exterior damages.  In addition, the damages that HERNANDEZ did include in his estimates and reports were grossly undervalued and underestimated.  As a result, Plaintiff's claim was denied and has suffered damages.

55.   Defendant HERNANDEZ'S conduct constitutes multiple violations of the Texas Insurance Code, Unfair Settlement Practices.  TEX. INS. CODE §541.060(a).  All violations under this article are made actionable by TEX. INS. CODE §541.151.

Electronically Filed
8/3/2017 1:14 PM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

**C-3557-17-H**

56.     Defendant HERNANDEZ is individually liable for his unfair and deceptive acts, despite the fact he was acting on behalf of GREAT LAKES, because he is a "person" as defined by TEX. INS. CODE §541.002(2). The term "person" is defined as "any individual, corporation, association, partnership, reciprocal or interinsurance exchange, LLOYD'S plan, fraternal benefit society, or other legal entity engaged in the business of insurance, including an agent, broker, adjuster or life and health insurance counselor." TEX. INS. CODE §541.002(2). (See also *Liberty Mutual Insurance Co. v. Garrison Contractors, Inc.*, 966 S.W.2d 482, 484 (Tex. 1998) (holding an insurance company employee to be a "person" for the purpose of bringing a cause of action against him or her under the Texas Insurance Code and subjecting him or her to individual liability)).

57.     Falsehoods and misrepresentations may be communicated by actions as well as by the spoken word; therefore, deceptive conduct is equivalent to a verbal representation. Defendants' misrepresentations by means of deceptive conduct include, but are not limited to: (1) failing to conduct a reasonable inspection and investigation of Plaintiff's damages; (2) stating that Plaintiff's damages were less severe than they in fact were; (3) using their own statements about the non-severity of the damage as a basis for denying properly covered damages and/or underpaying damages; and (4) failing to provide an adequate explanation for the inadequate compensation Plaintiff received. Defendant HERNANDEZ'S unfair settlement practice, as described above, of misrepresenting to Plaintiff material facts relating to the coverage at issue, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(1).

58.     Defendant HERNANDEZ failed to make an attempt to settle Plaintiff's claim in a fair manner, although he was aware of Defendant's liability to Plaintiff under the Policy.

Electronically Filed
8/3/2017 1:14 PM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

**C-3557-17-H**

Defendants' conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(2)(A).

59.     Defendant HERNANDEZ failed to explain to Plaintiff the reasons for his offer of an inadequate settlement.   Specifically, Defendant HERNANDEZ failed to offer Plaintiff adequate compensation without any explanation as to why full payment was not being made. Furthermore, Defendants did not communicate that any future settlements or payments would be forthcoming to pay for the entire losses covered under the Policy, nor did they provide any explanation for the failure to adequately settle Plaintiff's claim.  The unfair settlement practice of Defendant HERNANDEZ as described above, of failing to promptly provide Plaintiff with a reasonable explanation of the basis in the Policy, in relation to the facts or applicable law, for the offer of a compromise settlement of Plaintiff's claim, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(3).

60.     Defendant HERNANDEZ'S unfair settlement practice, as described above, of failing within a reasonable time to affirm or deny coverage of the claim to Plaintiff, or to submit a reservation of rights to Plaintiff, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance.  TEX. INS. CODE §541.060(a)(4).

61.     Defendant HERNANDEZ did not properly inspect the Property and failed to account for and/or undervalued many of Plaintiff's exterior and interior damages.  Defendant HERNANDEZ'S unfair settlement practice, as described above, of refusing to pay Plaintiff's claim without conducting a reasonable investigation, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance.  TEX. INS. CODE §541.060(a)(7).

Electronically Filed
8/3/2017 1:14 PM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

**C-3557-17-H**

### *CAUSES OF ACTION AGAINST DEFENDANT*
### *LES PICKETT*

62.     Plaintiff repleads all of the material allegations above set forth in Paragraphs 1-60 and incorporates the same herein by this reference as if here set forth in full.

63.     Defendant GREAT LAKES hired Defendant PICKETT to assist in the claim determination process. Defendant PICKETT assisted Defendant GREAT LAKES in determining how to handle Plaintiff's claim. In a letter dated May 10, 2017, Defendant PICKETT informed Plaintiff that due to PICKETT'S determination and recommendation to Defendant GREAT LAKES, that Plaintiff's April 20, 2017 invocation of appraisal would not be honored.

64.     Defendants PICKETT'S and GREAT LAKES' refusal of Plaintiff's contractual right of appraisal constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(2)(A).

### *CAUSES OF ACTION AGAINST DEFENDANT*
### *GREAT LAKES REINSURANCE (UK) SE*

65.     Plaintiff repleads all of the material allegations above set forth in Paragraphs 1-64 and incorporates the same herein by this reference as if here set forth in full.

66.     Defendant GREAT LAKES is liable to Plaintiff for intentional breach of contract, as well as intentional violations of the Texas Insurance Code, and intentional breach of the common law duty of good faith and fair dealing.

### **BREACH OF CONTRACT**

67.     Plaintiff repleads all of the material allegations above set forth in Paragraphs 1-66 and incorporates the same herein by this reference as if here set forth in full.

68.     Defendant GREAT LAKES' conduct constitutes a breach of the insurance contract made between GREAT LAKES and Plaintiff.

Electronically Filed
8/3/2017 1:14 PM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

**C-3557-17-H**

69.     Defendant GREAT LAKES' failure and/or refusal, as described above, to pay the adequate compensation as it is obligated to do under the terms of the Policy in question, and under the laws of the State of Texas, constitutes a breach of GREAT LAKES' insurance contract with Plaintiff.

## NONCOMPLIANCE WITH TEXAS INSURANCE CODE:
## UNFAIR SETTLEMENT PRACTICES

70.     Plaintiff repleads all of the material allegations above set forth in Paragraphs 1-69 and incorporates the same herein by this reference as if here set forth in full.

71.     Defendant GREAT LAKES' conduct constitutes multiple violations of the Texas Insurance Code, Unfair Settlement Practices.  TEX. INS. CODE §541.060(a).  All violations under this article are made actionable by TEX. INS. CODE §541.151.

72.     Defendant GREAT LAKES' unfair settlement practice, as described above, of misrepresenting to Plaintiff material facts relating to the coverage at issue, constitutes an unfair method of compensation and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(1).

73.     Defendant GREAT LAKES' unfair settlement practice, as described above, of failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of the claim, even though GREAT LAKES' liability under the Policy was reasonably clear, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance.  TEX. INS. CODE §541.060(a)(2)(A).

74.     Defendant GREAT LAKES' unfair settlement practice, as described above, of failing to promptly provide Plaintiff with a reasonable explanation of the basis in the Policy, in relation to the facts or applicable law, for its offer of a compromise settlement of the claim, constitutes an unfair method of competition and an unfair and deceptive act or practice in the

Electronically Filed
8/3/2017 1:14 PM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

**C-3557-17-H**

business of insurance. TEX. INS. CODE §541.060(a)(3).

75.     Defendant GREAT LAKES' unfair settlement practice, as described above, of failing within a reasonable time to affirm or deny coverage of the claim to Plaintiff, or to submit a reservation of rights to Plaintiff, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance.  TEX. INS. CODE §541.060(a)(4).

76.     Defendant GREAT LAKES' unfair settlement practice, as described above, of refusing to pay Plaintiff's claim without conducting a reasonable investigation, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(A)(7).

### NONCOMPLIANCE WITH TEXAS INSURANCE CODE: THE PROMPT PAYMENT OF CLAIMS

77.     Plaintiff repleads all of the material allegations above set forth in Paragraphs 1-76 and incorporates the same herein by this reference as if here set forth in full.

78.     Defendant GREAT LAKES' conduct constitutes multiple violations of the Texas Insurance Code, Prompt Payment of Claims.  All violations made under this article are made actionable by TEX. INS. CODE §542.060.

79.     Defendant GREAT LAKES' failure to acknowledge receipt of Plaintiff's claim, commence investigation of the claim, and request from Plaintiff all items, statements, and forms that it reasonably believed would be required within the applicable time constraints, as described above, constitutes a non-prompt payment of claims and a violation of TEX. INS. CODE §542.055.

80.     Defendant GREAT LAKES' failure to notify Plaintiff in writing of its acceptance or rejection of the claim within the applicable time constraints, constitutes a non-prompt payment of the claim.  TEX. INS. CODE §542.056.

Electronically Filed
8/3/2017 1:14 PM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

**C-3557-17-H**

81.     Defendant GREAT LAKES' delay of the payment of Plaintiff's claim following its receipt of all items, statements, and forms reasonably requested and required, longer than the amount of time provided for, as described above, constitutes a non-prompt payment of the claim. TEX. INS. CODE §542.058.

### RESPONSIBILITY FOR ACTS OF AGENTS AND RATIFICATION OF ACTS

82.     Defendant HERNANDEZ, whose conduct is referenced herein and above, is an agent of GREAT LAKES based upon his acts of commission and omission in the handling of Plaintiff's claim, including inspections, adjustments, and aiding in the adjustment of the loss for or on behalf of the insurer. TEX. INS. CODE §4001.051.

83.     Separately, and/or in the alternative, as referenced and described above, GREAT LAKES ratified the actions and conduct of HERNANDEZ including the manner in which he discharged or failed to properly discharge his duties under the common law and applicable statutory laws and regulations.

### BREACH OF THE DUTY OF GOOD FAITH AND FAIR DEALING

84.     Plaintiff repleads all of the material allegations above set forth in Paragraphs 1-83 and incorporates the same herein by this reference as if here set forth in full.

85.     Defendant GREAT LAKES' conduct constitutes a breach of the common law duty of good faith and fair dealing owed to insured in insurance contracts.

86.     Defendant GREAT LAKES' failure, as described above, to adequately and reasonably investigate and evaluate Plaintiff's claim, although, at that time, GREAT LAKES knew or should have known by the exercise of reasonable diligence that its liability was reasonably clear, constitutes a breach of the duty of good faith and fair dealing.

### *CAUSES OF ACTION AGAINST ALL DEFENDANTS*

Electronically Filed
8/3/2017 1:14 PM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

**C-3557-17-H**

87.     Plaintiff is not making any claims for relief under federal law.

## **FRAUD**

88.     Plaintiff repleads all of the material allegations above set forth in Paragraphs 1-87 and incorporates the same herein by this reference as if here set forth in full.

89.     Defendants are liable to Plaintiff for common law fraud.

90.     GREAT LAKES represented in its Policy that covered Hail and Wind Damages would be insured against loss.  Plaintiff, to her detriment, purchased GREAT LAKES' policy in exchange for a benefit GREAT LAKES knew the Plaintiff would not receive.  Plaintiff further relied to her detriment upon the false, fraudulent and deceptive acts and practices employed by Defendants, in performing an inspection, investigation and evaluation of Plaintiff's Storm damages.  Plaintiff is not knowledgeable in the manner and scope required to investigate a storm related loss, nor knowledgeable in insurance loss coverage issues.  Defendants, based upon their experience, special knowledge of storm related structural loss issues and insurance coverage issues were able to deceive Plaintiff into to believing that the property damage loss would be competently investigated by a qualified, ethical and experienced adjustor and that the loss would be properly, fairly and in good faith evaluated and assessed and the claim paid.  Plaintiff was unaware that all such representations and conduct relating to the investigation and handling of the claim were performed with the intent and purpose to defraud, take advantage of and deny and/or undervalue the Property losses sustained by Plaintiff.  Plaintiff relied to her detriment on such actions and representations resulting in the losses and damages complained of herein. Plaintiff has been unable to repair the Storm damages and/or make temporary repairs using Plaintiff's own limited funds, prolonging Plaintiff's hardship of living in a storm damaged home. Defendants knew at the time the above misrepresentations and fraudulent conduct occurred that

Electronically Filed
8/3/2017 1:14 PM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

**C-3557-17-H**

the representations contained in the estimate of loss and communicated to Plaintiff were false. Each and every one of the representations and deceptive acts and practices, as described above, and those stated in this paragraph, concerned representations and falsehoods concerning material facts for the reason that absent such representations, Plaintiff would not have acted as she did, and which Defendants knew were false or made recklessly without any knowledge of their truth as a positive assertion.

91.     The statements were made with the intention that they should be acted and relied upon by Plaintiff, who in turn acted in reliance upon such statements and actions, thereby causing Plaintiff to suffer injury and constituting common law fraud.

## CONSPIRACY TO COMMIT FRAUD

92.     Plaintiff repleads all of the material allegations above set forth in Paragraphs 1-91 and incorporates the same herein by this reference as if here set forth in full.

93.     Defendants are liable to Plaintiff for conspiracy to commit fraud.  Defendants were members of a combination of two or more persons whose object was to accomplish an unlawful purpose or a lawful purpose by unlawful means.  In reaching a meeting of the minds regarding the course of action to be taken against Plaintiff, Defendants committed an unlawful, overt act to further the object or course of action.  Plaintiff suffered injury as a proximate result.

## I. KNOWLEDGE

94.     Each of the acts described above, together and singularly, was done "knowingly," as that term is used in the Texas Insurance Code, and was a producing cause of Plaintiff's damages described herein.

## J. DAMAGES

95.     Plaintiff would show that all of the aforementioned acts, taken together or

Electronically Filed
8/3/2017 1:14 PM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

**C-3557-17-H**

singularly, constitute the producing causes of the damages sustained by Plaintiff.

96.     As previously mentioned, the damages caused by the March 26, 2015 hailstorm and/or windstorm have not been properly addressed or repaired in the months since the Storm, causing further damages to the Property, and causing undue hardship and burden to Plaintiff. These damages are a direct result of Defendants' mishandling of Plaintiff's claim in violation of the laws set forth above.

97.     For breach of contract, Plaintiff is entitled to regain the benefit of her bargain, which is the amount of her claim, together with attorney's fees.

98.     For noncompliance with the Texas Insurance Code, Unfair Settlement Practices, Plaintiff is entitled to actual damages, which include the loss of the benefits that should have been paid pursuant to the Policy, mental anguish, court costs, and attorney's fees. For knowing conduct of the acts described above, Plaintiff asks for three times her actual damages. TEX. INS. CODE §541.152.

99.     For noncompliance with the Texas Insurance Code, Prompt Payment of Claims, Plaintiff is entitled to the amount of her claim, as well as eighteen (18) percent interest per annum on the amount of such claim as damages, together with attorney's fees. TEX. INS. CODE §542.060.

100.     For breach of the common law duty of good faith and fair dealing, Plaintiff is entitled to compensatory damages, including all forms of loss resulting from the insurer's breach of duty, such as additional costs, economic hardship, losses due to nonpayment of the amount the insurer owed, exemplary damages, and damages for emotional distress.

101.     For fraud, Plaintiff is entitled to recover actual damages and exemplary damages for knowingly fraudulent and malicious representations, along with attorney's fees, interest, and

Electronically Filed
8/3/2017 1:14 PM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

**C-3557-17-H**

court costs.

102.    For the prosecution and collection of this claim, Plaintiff has been compelled to engage the services of the attorney whose name is subscribed to this pleading.   Therefore, Plaintiff is entitled to recover a sum for the reasonable and necessary services of Plaintiff's attorney in the preparation and trial of this action, including any appeals to the Court of Appeals and/or the Supreme Court of Texas.

### K.  STATEMENT OF RELIEF AND DAMAGES

103.    As required by Rule 47(b), Texas Rules of Civil Procedure, Plaintiff's counsel states that the damages sought are in an amount within the jurisdictional limits of this Court.   As required by Rule 47(c), Texas Rules of Civil Procedure, Plaintiff's counsel states that Plaintiff seeks monetary relief of $100,000 or less, including damages of any kind, penalties, costs, expenses, prejudgment interest, and attorney's fees.   A jury, however, will ultimately determine the amount of monetary relief actually awarded. Plaintiff also seeks pre-judgment and post-judgment interest at the highest legal rate.

### L.  RESERVATION OF RIGHTS

104.    Plaintiff reserves the right to prove the amount of damages at trial.   Plaintiff reserves the right to amend her petition to add additional counts upon further discovery and as her investigation continues.

### M.  JURY DEMAND

105.    Plaintiff hereby requests that all causes of action alleged herein be tried before a jury consisting of citizens residing in Hidalgo County, Texas.   Plaintiff hereby tenders the appropriate jury fee.

### N.  WRITTEN DISCOVERY

Electronically Filed
8/3/2017 1:14 PM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

**C-3557-17-H**

106.    Attached are Plaintiff's Interrogatories, Request for Production, and Requests for Disclosure directed to Defendant GREAT LAKES.

## O. PRAYER

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff prays that upon trial hereof, said Plaintiff has and recovers such sum as would reasonably and justly compensate her in accordance with the rules of law and procedure, as to actual damages, treble damages under the Texas Insurance Code, and all punitive and exemplary damages as may be found.  In addition, Plaintiff requests the award of attorney's fees for the trial and any appeal of this case, for all costs of Court on her behalf expended, for pre-judgment and post-judgment interest as allowed by law, and for any other and further relief, either at law or in equity, to which she is justly entitled to, provided Plaintiff seeks a final judgment, exclusive of interest and costs, not to exceed $75,000.

Respectfully submitted,

**PHIPPS, LLP**

THE PHIPPS
102 9th Street
San Antonio, Texas 78215
Telephone:    (210) 340-9877
Telecopier:    (210) 340-9887
Email: gortiz@phippsllp.com
Email: rsoliz@phippsllp.com

BY:    /s/ J Gabriel Ortiz
          MARTIN J. PHIPPS
          State Bar No. 00791444
          J. GABRIEL ORTIZ
          State Bar No. 24085512

**ATTORNEYS FOR PLAINTIFF**

**C-3557-17-H**

# Exhibit A

C-3557-17-H

CAUSE NO. _____

| | | |
|---|---|---|
| NELLY MEDINA | § | IN THE DISTRICT COURT |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| VS. | § | ___ TH JUDICIAL DISTRICT |
| | § | |
| GREAT LAKES REINSURANCE (UK) SE, | § | |
| LES PICKETT and RAY HERNANDEZ | § | |
| | § | |
| *Defendants.* | § | HIDALGO COUNTY, TEXAS |

## BINDING STIPULATION

COMES NOW Plaintiff, NELLY MEDINA, by and through their attorney, who stipulates as follows:

1.  The total sum or value in controversy in this cause of action does not exceed $75,000.00 exclusive of interest and costs.

2.  The total damages sought by the Plaintiff in this cause of action does not exceed $75,000.00 exclusive of interest and costs.

3.  Neither Plaintiff nor her attorney will accept an amount that exceeds $75,000.00 exclusive of interest and costs.

4.  Neither Plaintiff nor her attorney will amend their petition to plead an amount in controversy in excess of $75,000.00, exclusive of interest and costs.

5.  Plaintiff and her attorney understand and agree that Plaintiff's recovery is limited to an amount less than $75,000.00 exclusive of interest and costs.

**C-3557-17-H**

Signed on August 2, 2017

**BINDING STIPULATION SIGNED:**

                            **Phipps, LLP**
                            The Phipps
                            102 9th Street
                            San Antonio, Texas 78215
                            Telephone: (210) 340-9877
                            Telecopier: (210) 340-9887

                            By:\_\_\_\_/s/ J. Gabriel Ortiz_____
                                  MARTIN J. PHIPPS
                                State Bar No. 00791444
                                J. GABRIEL ORTIZ
                                State Bar No. 24085512

                            **ATTORNEYS FOR PLAINTIFF**

CAUSE NO. **C-3557-17-H**

| | | |
|---|---|---|
| NELLY MEDINA | § | IN THE DISTRICT COURT |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| VS. | § | ___ TH JUDICIAL DISTRICT |
| | § | |
| GREAT LAKES REINSURANCE (UK) SE, | § | |
| LES PICKETT and RAY HERNANDEZ | § | |
| | § | |
| *Defendants.* | § | HIDALGO COUNTY, TEXAS |

## PLAINTIFF'S REQUEST FOR DISCLOSURE TO DEFENDANT
## GREAT LAKES REINSURANCE (UK) SE

TO:   DEFENDANT GREAT LAKES REINSURANCE (UK) SE, by and through the Texas
      Commissioner of Insurance,

      TEXAS COMMISSIONER OF INSURANCE
      333 Guadalupe Street
      Austin, Texas 78701

      Forward Service To:
      Drinker Biddle
      1177 Avenue Of The Americas, Floor 41
      New York, NY 10036

      Pursuant to Rule 194 of the Texas Rules of Civil Procedure, Plaintiff requests that the

above-named Defendant, Great Lakes Reinsurance (UK) SE (hereinafter referred to as

"Defendant"), disclose, within fifty-one (51) days after the date of service of this request, the

information or material described in Rule 194.2.


      Additionally, Pursuant to Tex. R. Civ. P. 190.2(b)(6), Plaintiff requests that Defendant

disclose, within fifty-one (51) days of service of this request, all documents, electronic

information, and tangible items in Defendant's possession, custody, or control which may be

used to support the claims or defenses asserted in this matter.

C-3557-17-H

Respectfully submitted,

**PHIPPS, LLP**
102 9th Street
San Antonio, Texas 78215
Telephone:      (210) 340-9877
Telecopier:     (210) 340-9899

BY:    /s/ J. Gabriel Ortiz
MARTIN J. PHIPPS
State Bar No. 00791444
J. GABRIEL ORTIZ
State Bar No. 24085512

**ATTORNEYS FOR PLAINTIFF**

**CERTIFICATE OF SERVICE**

This is to certify that a true and correct copy of the above and foregoing has been forwarded to the following counsel of record in compliance with the Texas Rules of Civil Procedure on this 2ND Day of August, 2017

***VIA CERTIFIED MAIL:***
TEXAS COMMISSIONER OF INSURANCE
333 Guadalupe Street
Austin, Texas 78701

Forward Service To:
Drinker Biddle
1177 Avenue Of The Americas, Floor 41
New York, NY 10036

/s/ J. Gabriel Ortiz
J. GABRIEL ORTIZ

CAUSE NO. **C-3557-17-H** _____

| | | |
|---|---|---|
| NELLY MEDINA | § | IN THE DISTRICT COURT |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| VS. | § | ___ TH JUDICIAL DISTRICT |
| | § | |
| GREAT LAKES REINSURANCE (UK) SE, | § | |
| LES PICKETT and RAY HERNANDEZ | § | |
| | § | |
| *Defendants.* | § | HIDALGO COUNTY, TEXAS |

## PLAINTIFF'S REQUEST FOR PRODUCTION TO DEFENDANT
## GREAT LAKES REINSURANCE (UK) SE

TO:   DEFENDANT GREAT LAKES REINSURANCE (UK) SE, by and through the Texas
Commissioner of Insurance,

TEXAS COMMISSIONER OF INSURANCE
333 Guadalupe Street
Austin, Texas 78701

Forward Service To:
Drinker Biddle
1177 Avenue Of The Americas, Floor 41
New York, NY 10036

Pursuant to Rule 196 of the Texas Rules of Civil Procedure, Plaintiff requests that the
above-named Defendant, Great Lakes Reinsurance (UK) SE (hereinafter referred to as
"Defendant"), disclose, within fifty-one (51) days after the date of service of this request, the
information or material described in the following request for production.

C-3557-17-H

Respectfully submitted,

**PHIPPS, LLP**
102 9th Street
San Antonio, Texas 78215
Telephone:      (210) 340-9877
Telecopier:     (210) 340-9899

BY:    /s/ J. Gabriel Ortiz
MARTIN J. PHIPPS
State Bar No. 00791444
J. GABRIEL ORTIZ
State Bar No. 24085512

**ATTORNEYS FOR PLAINTIFF**

### CERTIFICATE OF SERVICE

        This is to certify that a true and correct copy of the above and foregoing has been forwarded to the following counsel of record in compliance with the Texas Rules of Civil Procedure on this 2ND Day of August, 2017

*VIA CERTIFIED MAIL:*
TEXAS COMMISSIONER OF INSURANCE
333 Guadalupe Street
Austin, Texas 78701

Forward Service To:
Drinker Biddle
1177 Avenue Of The Americas, Floor 41
New York, NY 10036

                                        /s/ J. Gabriel Ortiz
                                              J. GABRIEL ORTIZ

C-3557-17-H

**INSTRUCTIONS**

1.  All documents are to be produced as they are kept in the usual course of business with any identifying labels, file markings or similar identifying features, or shall be organized and labeled to correspond to the categories requested herein. If there are no documents in response to a particular request, you shall state so in writing.

2.  Answer each request for documents separately by listing the documents and by describing them as defined below. If documents are numbered for production, in each response provide both the information that identifies the document and the document's number(s). There is a duty to supplement any answer made to the request for documents when the original answer is no longer true, or was incorrect or incomplete when made.

3.  For each document or other requested information that you assert is privileged or is not discoverable, identify that document or other requested information. State the specific grounds for the claim of privilege or other applicable ground for exclusion. Also, for each document you claim is not discoverable, state the date of the document, the name, job title, and address of the person who prepared it; the name, address and job title of the person to whom it was addressed circulated, or who saw it; the name, job title, and address of the person now in possession of the document; a description of the subject matter of the document; the document's present location; and the custodian for the document.

4.  If you receive a request to identify the information and material withheld due to a claim of privilege or other protection from disclosure, you must serve a withholding statement as required by TRCP 193.3.

5.  To the extent you assert that a document contains information that should be protected from disclosure and non-privileged information, the non-privileged portions of the document must be produced. For each such document, indicate the portion of the document withheld by stamping the words "MATERIAL REDACTED" on the document in an appropriate location that does not obscure the remaining text.

6.  For a document that no longer exists or cannot be located, identify the document, state how and when it passed out of existence or could no longer be located, and the reasons for the disappearance. Also, identify each person having knowledge about the disposition or loss of the document, and identify any other document evidencing the lost document's existence or any facts about the lost document.

7.  The documents produced pursuant to the following requests for documents are considered to be authentic unless a proper objection is asserted as to the documents' authenticity under the Texas Rules of Civil Procedure.

## C-3557-17-H

## DEFINITIONS

The following definitions shall have the following meanings, unless the context of the requests for documents require otherwise:

1.   "PLAINTIFF" means Nelly Medina, along with her family members, agents, representatives, and all other persons acting in concert with them, or under their control, whether directly or indirectly, including any attorney.

2.   "DEFENDANT," means Great Lakes Reinsurance (UK) SE, along with its agents, representatives, and all other persons acting in concert with it, or under its control, whether directly or indirectly, including any attorney.

3.   "DOCUMENT," "DOCUMENTS" and "DOCUMENTATION" are used in their broadest sense and mean all written, printed, typed, recorded, or graphic matter of every kind and description, source and authorship, both originals and all non-identical copies thereof, and all written, printed, typed, recorded, or graphic matter of every kind and description, both originals and copies, and all attachments and appendices thereto, in your possession, custody or control, or known by you to exist, irrespective of whether the writing is one intended for or transmitted internally by you, or intended for or transmitted to any other person or entity, including without limitation any government agency, department, administrative or private entity or person. Without limiting the foregoing, the terms "document" and "documents" include handwritten, typewritten, printed, photocopied, photographic or recorded, stenographic, computer-generated, computer-installed or electronically stored matters, however and by whomever produced, prepared, reproduced, disseminated or made, and includes communications in words, symbols, pictures, sound recordings, films, tapes and information stored in, or accessible through, computer of other information storage or retrieval systems, together with the codes and/or programming instruction and other materials necessary to understand and use such systems. For purposes of illustration and no limitation, "documents" includes: accounts; advertising; affidavits; agendas; agreements; analyses; analytical records; announcements; appointment books; appraisals; articles; bills; statements and other records of obligations and expenditures; books; brochures; bulletins; calendars; checks; cancelled checks, vouchers, receipts and other records of payments; charts, drawings; check registers; checkbooks; circulars; collateral files and contents; communications; compilations; confirmations; consultant's reports; contracts; corporate by-laws; corporate charters; correspondence; credit files and contents; data compilations from which information can be obtained (including matter used in data processing); deeds of trust; deposit slips, diaries, diary entries; drafts; envelopes; folders or similar containers; expense reports; facsimile transmissions; files; film tape; financial statements; forecasts; graphs; guaranty agreements; instructions, invoices; ledgers, journals, balance sheets, profit and loss statements, and other sources of financial data; letters; letters of credit; lists; log books; logs, notes or memoranda of telephonic or face-to-face conversations; manuals; maps, marginal notations; memoranda of all kinds to and from any persons, agencies or entities; messages; microfilm; microfiche; minutes; minute books; notes; notebooks; notices; pamphlets; parts lists; papers; photographs, press releases; printed

C-3557-17-H

matter (including published books, articles, speeches and newspaper clippings); printouts; programs; punch cards; purchase orders; receipts; recommendations; records; records of administrative, technical and financial actions taken or recommenced; reports; safety deposit boxes and contents and records of entry; schedules; security agreements; sell orders; sound recordings; specifications; speeches; statement of bank accounts; statements, interviews; statistical data; statistical statements, stock transfer ledger; studies; surveys; tables; tabulations; tape or disk recordings; tape programs; technical and engineering reports, evaluations; advice; recommendations; commentaries; conclusions; studies; test plans; manuals; procedures; data; reports; results and conclusions; summaries, minutes, notes and other records and recording of any conference, meetings, visits, negotiations, statement, interviews or telephone conversations; other summaries; telegrams; teletypes, telexes and other communications sent or received; time records; telephone bills or records; trade letters; transcripts of hearings; transcripts of testimony; UCC instruments; video recordings; visitor records; vouchers; work assignments; work sheets; work papers; and all other printed, written, handwritten, typewritten, recorded, stenographic, computer-generated, computer-stored or electronically stored matter, however or by whomever produced, prepared, reproduced, disseminated or made, the contents of which relate to, discuss, consider or otherwise refer to the subject matter of the particular discovery requested.

4. "PERSON" includes individuals, associates of individuals, partnerships, joint-stock companies, corporations, or trustee or receiver of an individual, association of individuals, joint-stock company or corporation, and any other type of entity or institution, whether formed for business or any other purposes.

5. "PARTY" shall mean any party whomsoever to the dispute, and includes each party's agents, employees, attorneys, representatives, predecessors, successors, affiliates, partners, officers, directors, principals and any and all other persons acting or purporting to act on the party's behalf or under the party's control. For purposes of the duty to supplement, the term also includes entities, which become parties subsequent to the date this request for documents is served.

6. "RELATING TO" and or "RELATES TO" means in whole or in part constituting, containing, concerning, embodying, reflecting, describing, analyzing, identifying, stating, referring to, or dealing with, or in any way pertaining to.

7. "CONCERNING" means, in whole or in part, directly or indirectly, referring to, relating to, connected with, commenting on, responding to, showing, describing, analyzing, reflecting, and constituting.

8. "COMMUNICATION" means the transmission, sending and/or receipt of information of any kind by or through any means, including but not limited to speech, writings, language (machine, foreign or otherwise), computer electronics of any kind (e.g., email), magnetic tape, videotape, photographs, graphs, symbols, signs, magnetic or optical disks, "floppy disks", CD-ROM disks, sound, radio or video signals, telecommunication, telephone teletype, facsimile, telegraph, microfilm, microfiche, photographic film of any type and

**C-3557-17-H**

other media of any kind. The term "communication" also includes, without limitations all "records" (as hereafter defined) and all inquiries, discussions, conversations, negotiations, agreements, understandings, meetings, notices, requests, responses, demands, complaints, and press, publicity or trade releases.

9. "RECORD(S)" means all documents and writings of any kind, and all communications (as defined above) which are stored or retrievable or recorded in any manner, including originals and all non-identical copies whether different from the originals by notation made on such copies or otherwise, all drafts, alterations, modifications, changes and amendments, graphic or any electronic or mechanical records or representation of any kind, created during the period 2000 to present. Any electronic records or computer data which may exist shall be produced in ASCii comma delimited to fixed length filed format and shall include all files, records, instructions, codes or other information necessary to retrieve the data. Electronic data should be produced in Microsoft Access 95 or Microsoft Access 95, 97 or 2000 (MDB) formal, Dbase (DBF) format, Excel (xls) format or ASCii comma delimited or fixed length format (txt) and shall include all file, record and field format definitions and the instructions, codes or information necessary to retrieve the data. Such electronic data should be provided on one of the following media. Zip disk, Jaz disk, CD-ROM or 3.5" floppy disk.

10. "DATE" means the exact date, month, and year, if ascertainable, or, if not, the best available approximation.

11. "DESCRIBE" and "IDENTIFY", when referring to a person, require statements of the following:

    a. The full name.
    b. The present or last known residential address.
    c. The present or last known residential and office telephone numbers.
    d. The present occupation, job title, employer, and employer's address at the time of the event or period referred to in each particular request.
    e. In the case of any person other than an individual, identify the officer, employee, or agent most closely connected with the subject matter of the request and identify the officer who is responsible for supervising that officer or employee.

12. "DESCRIBE" and "IDENTIFY", when referring to a document, are defined to require that you state the following:

    a. The nature (e.g., letter, handwritten note) of the document
    b. The title or heading that appears on the document
    c. The date of the document and the date of each addendum supplement, or other addition or change.
    d. The identity of the author and of the signer of the document, and of the person on whose behalf or at whose request or direction the document was prepared or delivered.
    e. The present location of the document, and the name, address, position, or title, and

C-3557-17-H

telephone number of the person or person having custody of the document.

13.   The words "AND" and "OR" should be construed either conjunctively or disjunctively as required by the context to bring within the scope of these discovery requests any answer, response or document that might be deemed outside its scope by another construction.

14.   "PERTAINS TO" or "PERTAINING TO" means relates to, refers to, contains, concerns, describes, embodies, mentions, constitutes, supports, corroborates, demonstrates, proves, evidences, shows, reflects, refutes, disputes, rebuts, controverts or contradicts.

15.   The term "LAWSUIT" means Cause No. _____; *Nelly Medina v. Great Lakes Reinsurance (UK) SE;* In the ___Judicial District Court of Hidalgo County, Texas.

16.   "RESIDENCE" and/or "PROPERTY" refers to the home located at 1105 West Primose Avenue, McAllen, Texas 78504.

**C-3557-17-H**

## PLAINTIFF'S REQUEST FOR PRODUCTION TO DEFENDANT GREAT LAKES REINSURANCE (UK) SE

1.　　The insurance policy in effect on the date of Plaintiff's claim(s).

　　RESPONSE:

2.　　The entire unedited original claims investigation file generated and maintained in the ordinary course of business by Defendant, its adjusters, or anyone acting for or on their behalf, pertaining to Plaintiff's claim(s) making the basis of this lawsuit, including but not limited to, all memos, reports, notes, evaluations, emails, estimates, videos, photos, and all other materials in any way pertaining to the claim of Plaintiff's, and all documents presently contained in the file or which have ever been placed in the file.

　　RESPONSE:

3.　　Any and all written or recorded statements Defendant has received or obtained from Plaintiff, Plaintiff's representative, or any other person with relevant knowledge related to the matters made the basis of this lawsuit.

　　RESPONSE:

4.　　All correspondence and communication between Defendant and Plaintiff, Plaintiff's representatives, any other defendant(s), or any third party regarding Plaintiff's claim(s).

　　RESPONSE:

5.　　Any and all reports, documents or correspondence reflecting the history of payment and reserves on this file.

　　RESPONSE:

6.　　Any and all documents, reports, estimates, engineering reports, data, testing, sampling, emails, notes, memoranda, photographs, drawings, diagrams, videos, manuals, guides, and summaries, regarding the insurance claim(s) made the basis of this lawsuit.

　　RESPONSE:

7.　　Any and all claims files and claim reports, including but not limited to activity logs, notes, emails, data, photos, videos, manuals, guides, summaries and claim documents, regarding all homeowner insurance claims made by Plaintiff under their homeowner insurance policy/policies, specifically regarding damage to the exterior and interior of Plaintiff's Property. This request is limited to the last ten (10) years.

　　RESPONSE:

C-3557-17-H

8.     Any and all materials, handouts, guides, manuals, outlines, articles, and/or other written communication created, issued, used or relied upon by Defendant that guides, instructs, outlines, discusses or pertains to the adjusting and/or handling of homeowner insurance claims, commercial insurance claims, property damage claims, hurricane claims, water damage claims, roof damage claims, and/or wind damage claims in Texas. This request is limited to the last five (5) years.

RESPONSE:

9.     Any and all materials, documents, statements and/or files that reflect complaints and/or lawsuits, filed by insureds against Defendant(s) regarding the handling, review and/or adjusting of homeowner insurance claims in Texas. This request is limited to the last five (5) years.

RESPONSE:

10.    A complete copy of the entire personnel file(s) of any and all adjusters assigned to Plaintiff's claim made the basis of this Lawsuit.

RESPONSE:

11.    Any and all documents reflecting or relating to Defendant's decision to pay or deny additional expenses to or on behalf of Plaintiff in this case, and any and all records reflecting payment to Plaintiff concerning Plaintiff's claim(s) made the basis of this suit.

RESPONSE:

12.    All non-privileged documents and communications including e-mails regarding the assignment, investigation, recommendation, adjusting, and/or handling of the claim(s) made the basis of this suit.

RESPONSE:

13.    True and complete copy of activity logs filed by the staff and independent adjusters on the file.

RESPONSE:

14.    The entire underwriter's file for underwriting the insurance policy made the basis of this lawsuit, and all notes, memorandum, reports, documents, or applications created and/or generated by Defendant's underwriting department relating to the insurance policy made the basis of this lawsuit.

RESPONSE:

**C-3557-17-H**

15.   If you are withholding documents based upon the assertion of a privilege, please produce a privilege log, detailing with reasonable particularity a description of the documents withheld, the number of documents, and the applicable privilege which Defendant claims properly precludes the information discovery.

RESPONSE:

CAUSE NO. **C-3557-17-H**
_____

| | | |
|---|---|---|
| **NELLY MEDINA** | § | **IN THE DISTRICT COURT** |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| **VS.** | § | **___ TH JUDICIAL DISTRICT** |
| | § | |
| **GREAT LAKES REINSURANCE (UK) SE,** | § | |
| **LES PICKETT and RAY HERNANDEZ** | § | |
| | § | |
| *Defendants.* | § | **HIDALGO COUNTY, TEXAS** |

<u>**PLAINTIFF'S INTERROGATORIES TO DEFENDANT**</u>
<u>**GREAT LAKES REINSURANCE (UK) SE**</u>

TO:    DEFENDANT GREAT LAKES REINSURANCE (UK) SE, by and through the Texas Commissioner of Insurance,

TEXAS COMMISSIONER OF INSURANCE
333 Guadalupe Street
Austin, Texas 78701

Forward Service To:
Drinker Biddle
1177 Avenue Of The Americas, Floor 41
New York, NY 10036

Pursuant to Rule 197 of the Texas Rules of Civil Procedure, Plaintiff requests that the above-named Defendant, Great Lakes Reinsurance (UK) SE (hereinafter referred to as "Defendant"), disclose, within fifty-one (51) days after the date of service of this request, the information or material described in the following set of interrogatories.

C-3557-17-H

Respectfully submitted,

**PHIPPS, LLP**
102 9th Street
San Antonio, Texas 78215
Telephone:    (210) 340-9877
Telecopier:    (210) 340-9899

BY:    /s/ J. Gabriel Ortiz
MARTIN J. PHIPPS
State Bar No. 00791444
J. GABRIEL ORTIZ
State Bar No. 24085512

**ATTORNEYS FOR PLAINTIFF**

**CERTIFICATE OF SERVICE**

This is to certify that a true and correct copy of the above and foregoing has been forwarded to the following counsel of record in compliance with the Texas Rules of Civil Procedure on this 2ND Day of August, 2017

***VIA CERTIFIED MAIL:***
TEXAS COMMISSIONER OF INSURANCE
333 Guadalupe Street
Austin, Texas 78701

Forward Service To:
Drinker Biddle
1177 Avenue Of The Americas, Floor 41
New York, NY 10036

/s/ J. Gabriel Ortiz
J. GABRIEL ORTIZ

## C-3557-17-H

## DEFINITIONS

The following definitions shall have the following meanings, unless the context of the requests for documents require otherwise:

1. "PLAINTIFF" means Nelly Medina, along with their family members, agents, representatives, and all other persons acting in concert with them, or under their control, whether directly or indirectly, including any attorney.

2. "DEFENDANT," means Great Lakes Reinsurance (UK) SE, along with its agents, representatives, and all other persons acting in concert with it, or under its control, whether directly or indirectly, including any attorney.

3. "DOCUMENT," "DOCUMENTS" and "DOCUMENTATION" are used in their broadest sense and mean all written, printed, typed, recorded, or graphic matter of every kind and description, source and authorship, both originals and all non-identical copies thereof, and all written, printed, typed, recorded, or graphic matter of every kind and description, both originals and copies, and all attachments and appendices thereto, in your possession, custody or control, or known by you to exist, irrespective of whether the writing is one intended for or transmitted internally by you, or intended for or transmitted to any other person or entity, including without limitation any government agency, department, administrative or private entity or person. Without limiting the foregoing, the terms "document" and "documents" include handwritten, typewritten, printed, photocopied, photographic or recorded, stenographic, computer-generated, computer-installed or electronically stored matters, however and by whomever produced, prepared, reproduced, disseminated or made, and includes communications in words, symbols, pictures, sound recordings, films, tapes and information stored in, or accessible through, computer of other information storage or retrieval systems, together with the codes and/or programming instruction and other materials necessary to understand and use such systems. For purposes of illustration and no limitation, "documents" includes: accounts; advertising; affidavits; agendas; agreements; analyses; analytical records; announcements; appointment books; appraisals; articles; bills; statements and other records of obligations and expenditures; books; brochures; bulletins; calendars; checks; cancelled checks, vouchers, receipts and other records of payments; charts, drawings; check registers; checkbooks; circulars; collateral files and contents; communications; compilations; confirmations; consultant's reports; contracts; corporate by-laws; corporate charters; correspondence; credit files and contents; data compilations from which information can be obtained (including matter used in data processing); deeds of trust; deposit slips, diaries, diary entries; drafts; envelopes; folders or similar containers; expense reports; facsimile transmissions; files; film tape; financial statements; forecasts; graphs; guaranty agreements; instructions, invoices; ledgers, journals, balance sheets, profit and loss statements, and other sources of financial data; letters; letters of credit; lists; log books; logs, notes or memoranda of telephonic or face-to-face conversations; manuals; maps, marginal notations; memoranda of all kinds to and from any persons, agencies or entities; messages; microfilm; microfiche; minutes; minute books; notes; notebooks; notices; pamphlets; parts lists; papers; photographs, press releases; printed

C-3557-17-H

matter (including published books, articles, speeches and newspaper clippings); printouts; programs; punch cards; purchase orders; receipts; recommendations; records; records of administrative, technical and financial actions taken or recommenced; reports; safety deposit boxes and contents and records of entry; schedules; security agreements; sell orders; sound recordings; specifications; speeches; statement of bank accounts; statements, interviews; statistical data; statistical statements, stock transfer ledger; studies; surveys; tables; tabulations; tape or disk recordings; tape programs; technical and engineering reports, evaluations; advice; recommendations; commentaries; conclusions; studies; test plans; manuals; procedures; data; reports; results and conclusions; summaries, minutes, notes and other records and recording of any conference, meetings, visits, negotiations, statement, interviews or telephone conversations; other summaries; telegrams; teletypes, telexes and other communications sent or received; time records; telephone bills or records; trade letters; transcripts of hearings; transcripts of testimony; UCC instruments; video recordings; visitor records; vouchers; work assignments; work sheets; work papers; and all other printed, written, handwritten, typewritten, recorded, stenographic, computer-generated, computer-stored or electronically stored matter, however or by whomever produced, prepared, reproduced, disseminated or made, the contents of which relate to, discuss, consider or otherwise refer to the subject matter of the particular discovery requested.

4.    "PERSON" includes individuals, associates of individuals, partnerships, joint-stock companies, corporations, or trustee or receiver of an individual, association of individuals, joint-stock company or corporation, and any other type of entity or institution, whether formed for business or any other purposes.

5.    "PARTY" shall mean any party whomsoever to the dispute, and includes each party's agents, employees, attorneys, representatives, predecessors, successors, affiliates, partners, officers, directors, principals and any and all other persons acting or purporting to act on the party's behalf or under the party's control. For purposes of the duty to supplement, the term also includes entities, which become parties subsequent to the date this request for documents is served.

6.    "RELATING TO" and or "RELATES TO" means in whole or in part constituting, containing, concerning, embodying, reflecting, describing, analyzing, identifying, stating, referring to, or dealing with, or in any way pertaining to.

7.    "CONCERNING" means, in whole or in part, directly or indirectly, referring to, relating to, connected with, commenting on, responding to, showing, describing, analyzing, reflecting, and constituting.

8.    "COMMUNICATION" means the transmission, sending and/or receipt of information of any kind by or through any means, including but not limited to speech, writings, language (machine, foreign or otherwise), computer electronics of any kind (e.g., email), magnetic tape, videotape, photographs, graphs, symbols, signs, magnetic or optical disks, "floppy disks", CD-ROM disks, sound, radio or video signals, telecommunication, telephone teletype, facsimile, telegraph, microfilm, microfiche, photographic film of any type and

C-3557-17-H

other media of any kind. The term "communication" also includes, without limitations all "records" (as hereafter defined) and all inquiries, discussions, conversations, negotiations, agreements, understandings, meetings, notices, requests, responses, demands, complaints, and press, publicity or trade releases.

9.    "RECORD(S)" means all documents and writings of any kind, and all communications (as defined above) which are stored or retrievable or recorded in any manner, including originals and all non-identical copies whether different from the originals by notation made on such copies or otherwise, all drafts, alterations, modifications, changes and amendments, graphic or any electronic or mechanical records or representation of any kind, created during the period 2000 to present. Any electronic records or computer data which may exist shall be produced in ASCii comma delimited to fixed length filed format and shall include all files, records, instructions, codes or other information necessary to retrieve the data. Electronic data should be produced in Microsoft Access 95 or Microsoft Access 95, 97 or 2000 (MDB) formal, Dbase (DBF) format, Excel (xls) format or ASCii comma delimited or fixed length format (txt) and shall include all file, record and field format definitions and the instructions, codes or information necessary to retrieve the data. Such electronic data should be provided on one of the following media. Zip disk, Jaz disk, CD-ROM or 3.5" floppy disk.

10.    "DATE" means the exact date, month, and year, if ascertainable, or, if not, the best available approximation.

11.    "DESCRIBE" and "IDENTIFY", when referring to a person, require statements of the following:

    a.    The full name.
    b.    The present or last known residential address.
    c.    The present or last known residential and office telephone numbers.
    d.    The present occupation, job title, employer, and employer's address at the time of the event or period referred to in each particular request.
    e.    In the case of any person other than an individual, identify the officer, employee, or agent most closely connected with the subject matter of the request and identify the officer who is responsible for supervising that officer or employee.

12.    "DESCRIBE" and "IDENTIFY", when referring to a document, are defined to require that you state the following:

    a.    The nature (e.g., letter, handwritten note) of the document
    b.    The title or heading that appears on the document
    c.    The date of the document and the date of each addendum supplement, or other addition or change.
    d.    The identity of the author and of the signer of the document, and of the person on whose behalf or at whose request or direction the document was prepared or delivered.
    e.    The present location of the document, and the name, address, position, or title,

C-3557-17-H

and telephone number of the person or person having custody of the document.

13.    The words "AND" and "OR" should be construed either conjunctively or disjunctively as required by the context to bring within the scope of these discovery requests any answer, response or document that might be deemed outside its scope by another construction.

14.    "PERTAINS TO" or "PERTAINING TO" means relates to, refers to, contains, concerns, describes, embodies, mentions, constitutes, supports, corroborates, demonstrates, proves, evidences, shows, reflects, refutes, disputes, rebuts, controverts or contradicts.

15.    The term "LAWSUIT" means Cause No. _____; *Nelly Medina v. Great Lakes Reinsurance (UK) SE;* In the ___Judicial District Court of Hidalgo County, Texas.

16.    "RESIDENCE" and/or "PROPERTY" refers to the home located at 1105 West Primose Avenue, McAllen, Texas 78504.

**C-3557-17-H**

## PLAINTIFF'S INTERROGATORIES TO DEFENDANT
## GREAT LAKES REINSURANCE (UK) SE

1.   State the name, address, telephone number, and position or job title of all persons answering these interrogatories.

   RESPONSE:

2.   State whether Defendant contends that any conditions precedent to Plaintiff's recovery have not been met, whether said conditions be stated in the insurance policy or required by law. If so, state what conditions have not been met.

   RESPONSE:

3.   List the date(s) Defendant received Plaintiff's notice of claim(s) for coverage for property damages, the date(s) Defendant first acknowledged Plaintiff's notice of claim(s), and in what form the notice of claim was submitted.

   RESPONSE:

4.   State whether Defendant contends that Plaintiff did not provide any named defendant(s) in this cause of action with requested information that was required in order to properly evaluate Plaintiff's claim(s). If so, state what information was requested and not provided, and the dates of the requests.

   RESPONSE:

5.   State the name, address, telephone number, and job title or position of all persons who issued, adjusted, investigated, reviewed, handled, made entries, made decisions, or exchanged any documents or communications, including electronic, regarding Plaintiff's insurance policy or the claim(s) made the basis of this lawsuit, including the name, address, and telephone number of the supervisor of the identified person. For any such person who is no longer an employee, agent, or representative of any defendant, please so indicate and provide the person's last known address and telephone number.

   RESPONSE:

6.   State every basis, in fact and in the terms of Plaintiff's policy, for Defendant's denial and/or recommendation of denial of Plaintiff's claim(s), and failure to pay for Plaintiff's full claims.

   RESPONSE:

7.   As to property damages (and all resulting damages) alleged by Plaintiff, state specifically and in detail what the claim or contention is of the Defendant regarding any cause or

C-3557-17-H

contributing cause of the occurrence, including a detailed statement of the facts or information upon which your contention is based.

8. State the cause number, style, and court for each lawsuit filed against Defendant in the last five years alleging misconduct, improper claims handling, bad faith, violations of Texas Insurance Code §541.060, formerly known as Article 21.21, or violations of Texas Insurance Code §542.055, *et seq.,* formerly known as Article 21.55, in the handling of first party claims for property damage coverage under homeowner insurance policies.

RESPONSE:

9. State the legal theories and describe the factual bases, for your contention that Defendant fully complied with each of the claims handling requirements codified in Tex. Ins. Code §541.060, the violation of which is alleged in Plaintiff's current live pleading against Defendant.

RESPONSE:

10. State the legal theories and describe the factual bases for your contention that Defendant fully complied with each of the claims handling requirements codified in Tex. Ins. Code §542.055, in that Defendant followed all statutory deadlines, and by no later than the 15th day of notice of the claim (in the event of a weather-related catastrophe or major natural disaster, as defined by the commissioner, the claim-handling deadlines under this subchapter are extended for an additional 15 days); acknowledged receipt of the claim, commenced investigation of the claim, and requested any proper documents from Plaintiff reasonably believed necessary to conduct such investigation, made additional requests during the investigation as necessary, and if acknowledgment of receipt of the claim was not in writing, made record of the date, manner and content, as refuted in Plaintiff's current live pleading against Defendant.

RESPONSE:

11. State the legal theories and describe the factual bases for your contention that Defendant fully complied with each of the claims handling requirements codified in Tex. Ins. Code §542.056, in that Defendant followed all statutory deadlines by notifying Plaintiff in writing the acceptance or rejection of Plaintiff's claim no later than the 15th business day after receipt of any requested information from Plaintiff, in the event of a weather-related catastrophe or major natural disaster, as defined by the commissioner, the claim-handling deadlines under this subchapter are extended for an additional 15 days, including stating the reason if rejected or explanation of why Defendant cannot do so within that time, as refuted in Plaintiff's current live pleading against Defendant.

RESPONSE:

12. State the legal theories and describe the factual bases for your contention that Defendant

C-3557-17-H

fully complied with each of the claims handling requirements codified in Tex. Ins. Code §542.058, in that Defendant after receiving all items, statements, and forms reasonably requested and required under § 542.055, delays payment of the claim for a period exceeding the period specified by other applicable statutes or, if other statutes do not specify a period, for more than 60 days, the insurer shall pay damages and other items as provided by § 542.060, except where it is found as a result of arbitration or litigation that a claim received by an insurer is invalid and should not be paid by the insurer, receiving all necessary information, Defendant did not delay in making payments for more than 60 days, as refuted in Plaintiff's current live pleading against Defendant.

RESPONSE:

13.   For each investigation by a Texas governmental agency within the last five years into Defendant's practices when handling first party claims for property damage coverage under homeowner/commercial policies, state the name of the agency, the names of all investigators, and the names of all government representatives with whom Defendant communicated for purposes of the investigation.

RESPONSE:

14.   Please state whether Defendant took, or is aware of the taking of, a recorded statement and/or examination under oath of any representative, or agent of, or any person employed by, Plaintiffs regarding the claim made the basis of this lawsuit. If a recorded statement and/or examination under oath was taken, please state the date it was taken and the name of the person taking the statement. Please also state whether the statement was transcribed, where the statement is currently located, and/or the last place Defendant saw a transcription of same.

RESPONSE:

15.   Identify by name, address, and telephone number, all persons and or entities, agency or agents, and brokers that have issued Plaintiffs' Policy.

RESPONSE: